OPINION
Appellant, Janice Cowan, appeals from the August 1, 2001 judgment entry of the Ravenna Division of the Portage County Municipal Count dismissing her motion for post-conviction relief for lack of jurisdiction.
Appellant and her brother, John Cowan ("the victim"), reside in their childhood home. The victim has lived there since 1951, the year of his birth. On June 28, 2000, the victim received a letter from his attorney regarding the estate of his mother. At 10:00 p.m., after the victim had gone to bed, appellant entered his bedroom and began to insist upon seeing the letter. A scuffle ensued.
The victim testified that appellant bit his arm and tore his shirt. Appellant testified that she bit the victim's arm because he had her in a headlock, and she feared that he would break her neck. She also testified that she suffered bruises as a result of the confrontation. According to the victim, after he had been assaulted by appellant, he wanted to call the police, but appellant denied him access to the phone. Therefore, he left the house in order to contact the police.
Shortly before midnight on the evening of June 28, 2000, Deputy Christopher Sattler ("Deputy Sattler") went to the Double D Plaza to meet the victim. Deputy Sattler observed that the victim's shirt was ripped and torn and that there were several scratches on his body, as if he had been in an altercation. The victim informed Deputy Sattler that appellant had assaulted him.
Appellant was charged with domestic violence, a violation of R.C.2919.25(A), and a misdemeanor of the first degree. A bench trial was held on December 28, 2000. The trial court found appellant guilty in a January 12, 2001 judgment entry. On February 6, 2001, appellant was sentenced to thirty days in the county jail, and fined $200, plus costs. The court suspended the jail time and $100 of the fine on the condition that appellant not have a similar offense for one year.
Appellant has filed a timely appeal and makes the following assignment of error:
 "The judgment of conviction for the offense of domestic violence under 2919.25 of the Ohio Revised Code was against the manifest weight of the evidence."
 The state contends that appellant's assignment of error is moot because the offense was a misdemeanor, and appellant voluntarily paid the fine. However, this court is unable to determine from the record that the fine was paid; therefore, we will address the merits of appellant's argument.
In determining whether a verdict is against the manifest weight of the evidence, "we review the entire record, weigh all the evidence and reasonable inferences stemming therefrom, and consider the credibility of witnesses." State v. Beaver (1997), 119 Ohio App.3d 385, 398; State v.Schlee (Dec. 23, 1994), Lake App. 93-L-082, unreported, 1994 WL 738452, at 5. The trier of fact has primary responsibility for determining the "weight to be given to the evidence and the credibility of the witnesses ***." State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. If, after reviewing the record, we determine that the trier of fact lost its way, we reverse the conviction. Beaver,119 Ohio App.3d at 398.
R.C. 2919.25(A) states that "[n]o person shall knowingly cause *** physical harm to a family or household member." The fact that appellant bit the victim is undisputed in this case. Both appellant and the victim testified that appellant bit the victim. The issue before us is whether the act was unprovoked or appellant was acting in self-defense.
The victim's testimony was consistent on the issue of whether the assault by appellant was unprovoked. Consequently, there is nothing in the record to impugn his credibility on that issue. The trial court noted in its January 12, 2001 judgment entry that the victim testified as follows:
 "*** [A]t about 10:00 p.m. he went to bed and his sister came to his bedroom and demanded to see the letter. He told her to leave. She was screaming at him and looking through his papers in the room and took a couple of bonds and left the room. She also took his wristwatch.
 "[The victim] got out of bed and went downstairs. He testified that [appellant] was still screaming and that she took a meat hammer and smashed his watch. He said she was throwing stuff and threatening him with the meat hammer.
 "Either downstairs or back in his room she bit victim on the arm and tore his shirt. ***"
 As for appellant's contention that she was acting in self-defense, there is no evidence supporting her testimony at trial that she suffered bruises as a result of an attack by the victim and that she was acting in self-defense. The victim contacted the police on the night of the confrontation. The police visited the shared residence of appellant and the victim. At that time, appellant could have spoken with the police, explained why she had been compelled to bite the victim, and displayed any injuries that she suffered as a result of her confrontation with appellant. Instead, appellant refused to answer the door. The trial court interpreted her refusal to open the door for the police as an indication that appellant "had something to hide from officers ***." The trial court also found that appellant's testimony was not credible.
Based on the foregoing and our review of the entire record of this case, we cannot conclude that the trial court's findings constituted a manifest miscarriage of justice. Therefore, appellant's assignment of error is not well-taken, and the judgment of the Portage County Municipal Court, Ravenna, Division, is affirmed.
JUDGE DONALD R. FORD, O'NEILL, P.J., NADER, J., concur.